

**EOD**

09/18/2007

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **DRUCELLA C. CHARLES** | § | Case No. 06-10520 |
| xxx-xx-9265 | § | |
| 4519 Jimmy Johnson Blvd., Pt. Arthur, TX 77642 | § | |
| | § | |
| Debtor | § | Chapter 13 |

## MEMORANDUM OF DECISION

This matter is before the Court to consider confirmation of the Chapter 13 Plan

(the "Plan") filed by the Debtor, Drucella C. Charles ("Debtor"), in the above-referenced

Chapter 13 case.  Ronald E. Stadtmueller, Chapter 13 Trustee, objected to the

confirmation of the Plan on the grounds that the Debtor is not applying all of her

projected disposable income for the first three years of the Plan, in contravention of 11

U.S.C. §1325(b)(1)(B), as that statute was amended by the passage of the Bankruptcy

Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA").  At the conclusion

of the hearing, the Court took the matter under advisement.  This memorandum of

decision disposes of all issues pending before the Court.[1]

## Background

The Debtor, Drucella C. Charles, is a licensed vocational nurse who filed a

---

[1] This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §1334(b) and 28
U.S.C. §157(a).  The Court has the authority to enter a final order in this contested matter since it
constitutes a core proceeding as contemplated by 28 U.S.C. §157(b)(2)(A), (L), and (O).

voluntary petition for relief under Chapter 13 of the Bankruptcy Code.  The Debtor, who is married but whose husband did not join in the voluntary petition, seeks to confirm her Chapter 13 Plan, filed on the petition date, which proposes a monthly payment of $100.00 per month for a period of thirty-six (36) months.  The proposed plan primarily addresses administrative claims and unsecured priority indebtedness owing to the Internal Revenue Service.

The Chapter 13 Trustee objected to confirmation of the proposed plan.  The objection is based upon the undisputed fact that Patrick Charles, the non-debtor spouse of the Debtor, in February, 2008, will complete a series of installment payments of $325.00 per month on his 1999 Toyota Corolla automobile which currently has approximately 150,000 miles on it.  Specifically, the Trustee objects that, because the Debtor has not provided for a step-up of $325.00 per month in her plan payment amount after the automobile installment payments by her non-debtor spouse have been completed, she is not utilizing all of her projected disposable income in the first 36 months to fund the plan in violation of 11 U.S.C. §1325(b)(1)(B).[2]

## Discussion

The precise manner in which the income of a non-filing spouse is to be considered

---

[2]  Though this case is governed by BAPCPA, it is undisputed that the Debtor's annualized current monthly income is less than the applicable median family income.  Therefore, her applicable commitment period is three years and the overlay of the "means test" standards of §707(b) to test the necessity and reasonableness of expenses in specified categories, pursuant to §1325(b)(3), is not required in this instance.

in the calculation of a Chapter 13 debtor's projected disposable income under §1325(b) has always been problematic.[3] In the pre-BAPCPA world, a non-debtor spouse's income and expenses were taken into consideration in determining whether all of a Chapter 13 debtor's disposable income is being devoted to the proposed plan under §1325(b). *See, e.g., Mowen v. Hull (In re Hull)*, 251 B.R. 726 (B.A.P. 9th Cir. 2000); *Pobiner v. Educ. Credit Mgmt. Corp. (In re Pobiner)*, 309 B.R. 405 (Bankr. E.D.N.Y. 2004); *In re Williamson*, 296 B.R. 760 (Bankr. N.D. Ill. 2003); *In re Carpenter*, 318 B.R. 645 (Bankr. E.D. Va. 2003). As one of these courts explained,

> Because [the] debtor is a part of a family unit, the court considers the total family income and expenses in calculating "disposable income" under Code §1325(b)(2) as well as in the totality of circumstances good faith test. The

---

[3] In the context of considering confirmation of a Chapter 13 plan, 11 U.S.C. §1325(b), as amended by BAPCPA, provides that:

(b)(1) [i]f the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan —
> (A) the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or
> (B) the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan.

(2) For purposes of this subsection, "disposable income" means current monthly income received by the debtor . . . less amounts reasonably necessary to be expended —

> (A)(i) for the maintenance or support of the debtor or a dependent of the debtor, or for a domestic support obligation, that first becomes payable after the date the petition is filed; and . . .
> (B) if the debtor is engaged in business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business.

rationale behind including non-debtor income in debtor's individual plan under the disposable income test is simple: a portion of the non-debtor spouse's income is likely to be applied to the basic needs of debtor and to potentially increase the share of debtor's own income that is not reasonably necessary for support. In other words, it is fair that the non-debtor spouse's income should be considered in calculating the appropriate chapter 13 plan payment.

*In re Carpenter*, 318 B.R. at 647 (internal quotations omitted).[4] While courts disagreed to varying degrees as to whether this requirement mandated the actual dedication of all excess family income, including that of the non-debtor spouse, to the proposed plan, and whether a non-debtor spouse could be precluded from utilizing non-estate earnings to address any debts which he may have incurred,[5] the jurisprudence consistently imposed upon a Chapter 13 debtor a duty to demonstrate, in the face of a disposable income objection, that the bankruptcy estate had not assumed a disproportionate share of the reasonable family expenses.[6] *In re Bush*, 120 B.R. 403, 408 (Bankr. E.D. Tex. 1990)

---

[4] This requirement is reflected by the fact that every Chapter 13 debtor is required to file, among other documents, ". . . a schedule of current income and expenditures . . . prepared as prescribed by the appropriate Official Forms." FED. R. BANKR. P. 1007(b)(1). The instructions to the Official Form for Schedule I — Current Income of Individual Debtor(s) provides:

> The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor in a chapter 12 or 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.

[5] *See, e.g.*, *In re Nahat*, 278 B.R. 108 (Bankr. N.D. Tex. 2002)

[6] The *Nahat* court implicitly recognized that, while the Bankruptcy Code cannot be legitimately used to force a non-debtor spouse into Chapter 13, it is possible that a debtor may be forced out of Chapter 13 if such debtor seeks to obtain an inequitable advantage from a spouse's non-participation in the case. *Nahat*, 278 B.R. at 117.

["While Debtor's non-debtor wife is not obligated to contribute toward Debtor's Chapter 13 Plan, the Court takes notice that Debtor's proposed budget envisions paying all of the couples [sic] joint expenses.  The Court does not view this as good faith vis-a-vis the unsecured creditors."].

Though he certainly acknowledges that this case is governed by BAPCPA, the Trustee's objection in this instance — a demand that the Debtor must include a step-up in her plan payments upon the conclusion of her non-filing spouse's car payment obligations — essentially relies upon the most liberal strain of that pre-BAPCPA jurisprudence which would compel the contribution of all family income to the plan, without regard to filing status.  While the Trustee's position might be viable under the former standard, its foundation has been completely eradicated by the BAPCPA amendments in this area.

Under BAPCPA, the contribution of a non-filing spouse of a Chapter 13 debtor has now been clearly defined under the Code.  New §101(10A)(B) provides that:

> The term "current monthly income" — . . .
> (B) includes any amount paid by any entity other than the debtor (or in a joint case the debtor and the debtor's spouse) on a regular basis for the household expenses of the debtor or the debtor's dependents (and in a joint case the debtor's spouse if not otherwise a dependent). . . .

Thus, the statute itself provides the answer to the question presented.  The contribution demanded of a non-filing spouse in this context is now limited to the actual household expenses paid by that spouse for the benefit of the debtor or her dependents — a

contribution far more narrow in scope than the position espoused by the Trustee in his objection. *See In re Baldino*, 369 B.R. 858, 860-62 (Bankr. M.D. Pa. 2007) [finding, in a §707(b) context, that a totality of circumstances approach in determining the relevance of the income of a non-filing spouse has been thereby eliminated because "[i]ncome, for the purposes of bankruptcy, was redefined by BAPCPA in §101(10A) . . . [and] Congress chose to exclude that portion of the non-filing spouse's income devoted to personal pursuits or expenses from current monthly income."]. As an examination of Official Form B22C will reveal, this statutory clarification regarding income applies even when, as in the present case, the application of the means test under §1325(b)(3) has been rendered inapplicable due to the annualized monthly income level of the debtor.

Accordingly, when he completes his automobile installment payments in February 2008, Mr. Charles, as a non-filing spouse, will be free to utilize that segment of his income in his sole discretion.[7] It is not required to be contributed to his wife's plan. While it is disposable income in the generic sense, the Code clarifies that it is no longer a component of the debtor's projected disposable income for the purposes of §1325(b)(1)(B).[8] This result is consistent with Texas law which imposes personal liability upon an

---

[7] That segment of income, and others, would be properly deducted on Line 19 of Form B22C as a "marital adjustment" for amounts "not regularly contributed" to household expenses. *See, e.g., In re Shahan*, 367 B.R. 732, 737 (Bankr. D. Kan. 2007).

[8] Though the Debtor's actual completion of Schedules I and J and Form B22C in this case was technically incorrect, such errors were not implicated by the Trustee's objection, which pertained to the dedication of excess income to the plan by the non-filing spouse after the completion of his car payments. Correctly completed, the Debtor would make a marital adjustment on Line 19 of Form B22C for all sums now being tendered by Mr. Charles on his car payments which would extend throughout the duration of

-6-

individual for the acts of his spouse only if he acts as an agent for such spouse or the spouse incurs a debt for necessities, TEX. FAM. CODE §3.201 (West 2006), and which, in the absence of such personal liability, protects one's community property interests from any liability for premarital or non-tortious liabilities of his spouse. TEX. FAM. CODE §3.202 (West 2006).

Accordingly, the Court concludes that the objection to confirmation filed by the Chapter 13 Trustee should be overruled and that, in light of the Debtor's compliance with all other prerequisites of §1325(a), the Debtor's Chapter 13 plan should be confirmed. This memorandum of decision constitutes the Court's findings of fact and conclusions of law[9] pursuant to Fed. R. Civ. P. 52, as incorporated into contested matters in bankruptcy cases by Fed. R. Bankr. P. 7052 and 9014. A separate order will be entered which is consistent with this opinion.

Signed on 09/18/2007

THE HONORABLE BILL PARKER
CHIEF UNITED STATES BANKRUPTCY JUDGE

___

the plan, assuming Ms. Charles had no liability for his promissory note. *Id.* at 738. To the extent that the Trustee could have brought such an objection based upon such a purported liability, it has been waived.

[9] To the extent that any finding of fact is construed to be a conclusion of law, it is hereby adopted as such. To the extent any conclusion of law is construed to be a finding of fact, it is hereby adopted as such. The Court reserves the right to make additional findings and conclusions as necessary or as may be requested by any party.